IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES G. MILLER,<br>      *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 2:19-CV-00398 |
| BRYAN COLLIER, *et al.*,<br>      *Defendants.* | §<br>§<br>§ | |

**DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S
MOTION TO DISMISS**

Defendant Texas Department of Criminal Justice ("TDCJ"), files this motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) in response to Plaintiff's Complaint [ECF No. 1] and the Court's Supplemental Order for Service [ECF No. 25]. In support, TDCJ respectfully shows the Court the following:

**I.      Statement of the Case**

Plaintiff James G. Miller is an inmate confined to the custody of TDCJ's McConnell Unit in Bee County, Texas. He filed suit against TDCJ under the Americans with Disabilities Act, the Americans with Disabilities Amendment Act, and the Rehabilitation Act. Related to his claims, Miller seeks compensatory and punitive damages and an injunction ordering TDCJ to maintain a heat index of 88 degrees or lower inside the McConnell Unit housing and dining areas, to provide all offenders with immersion heaters to boil water, and to provide ice water and drinking cups to inmates. ECF No. 1 at 20.

After screening Miller's claims, the Court initially entered an Order for Service of Process and requested the Office of the Attorney General obtain authority to represent Defendants Executive Director of TDCJ Bryan Collier and McConnell Senior Warden Jeffery Richardson. ECF No. 7. Collier and Richardson answered and denied all claims against them. ECF No. 12. During the pendency of this suit, Evelyn Castro became the senior warden at the McConnell Unit. ECF No. 21.

Collier and Castro moved the Court for summary judgment. *See* ECF No. 21[1]. The Court granted Collier and Castro's motion for summary judgment and denied Miller's motion to certify this suit as a class action. ECF No. 26.

Shortly before the grant of Collier and Castro's motion for summary judgment, the Court issued a Supplemental Order for Service of Process and requested the Office of the Attorney General obtain authority to represent TDCJ and respond to Miller's Americans with Disabilities Act Claims. ECF No. 25.

In response to Miller's complaint and in accordance with the Court's order, TDCJ now appears and asserts that all of Miller's claims should be dismissed because he failed to allege a prima facie claim under Title II of the Americans with Disabilities Act or the Rehabilitation Act and has not shown any set of facts, that if true, would entitle him to relief.

II.     **Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(6)**

   **A. Standard of dismissal under Fed. R. Civ. P. 12(b)(6).**

A party is entitled to dismissal under Federal Rules of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the

---

[1] Castro was substituted for Richardson under operation of Rule 25 and the Court's orders. ECF No. 26 at 26. The Court noted that Miller's claims should be construed as asserting claims not only against Richardson's official capacity but also against him in his individual capacity. ECF No. 26 at 26-27. Richardson has until September 17, 2021, to file a dispositive motion. ECF No. 27.

2

elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Miller fails to state a claim against TDCJ for violations of Title II of the ADA or the RA.

Miller alleges that TDCJ is liable for violations under Title II of the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendment Act ("ADAAA") and seeks compensatory and punitive damages and injunctive relief. In order for Miller to state a cause of action under Title II of the ADA or the RA against TDCJ and meet the *Twombly-Iqbal* pleading requirements, he must first show a prima facie violation of Title II of the ADA.

To prevail on a claim under the Title II of the ADA or RA Carrera must prove: (1) that he has a qualifying disability; (2) that he was excluded from participation in or denied the benefits of services, programs, or activities of a public entity; and (3) that the exclusion, denial, or discrimination was because of his disability[2]. *Melton v. Dallas Area Rapid Transit,* 391 F.3d 669, 671–72 (5th Cir. 2004). The ADAAA does not create a new or separate cause of action, rather ADAA was passed to better align the ADA with congressional intent by amending the definition of disability in the ADA. *See* 42 U.S.C. § 12101; *See also* Pub. L. 110-325, § 3, Sept. 25, 2008.

To start, Miller has not alleged he has a qualifying disability. Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities; a record of such an impairment; or . . . being regarded as having such an impairment." *Haralson v. Campuzano*, 356 F. App'x 692, 697–98 (5th Cir. 2009) (citing 42 U.S.C. § 12102(1)).

---

[2] The same legal standards apply to both the ADA and the RA. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). *See also* 29 U.S.C. § 794(d). The chief difference between the ADA and the RA lies in their respective causation requirements. *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448 (5th Cir. 2005). Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States shall, *solely* by reason of her or his disability." be excluded from an applicable program or activity. *See* 29 U.S.C. § 794(a) (emphasis added). By contrast, under Title II of the ADA, "discrimination need not be the sole reason" for the exclusion of or denial of benefits to the plaintiff. *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500 (5th Cir. 2002). If a plaintiff cannot prove an element for a claim under the ADA, he likewise will not prove a claim under the RA.

3

Here, Miller does not specifically allege what disability he has, but rather generally claims that there are inmates with heat sensitivity due to medical conditions. ECF No. 1 at 17. Miller implies that he suffers from conditions that made him sensitive to the heat but does not specify facts that would show he has a disability under the ADA.

"[N]either the Supreme Court nor [the Fifth Circuit] have recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment; the plaintiff must adduce evidence of an impairment that has actually and substantially limited the major life activity on which she relies." *Griffin v. United Parcel Serv., Inc.,* 661 F.3d 216, 223 (5th Cir. 2011). "[C]ourts are to make an individualized determination of whether an individual's impairment constitutes a disability, taking into consideration measures taken by the individual to mitigate the effects of the impairment." *Id.* at 222 (citing *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, (1999)). The analysis should consider "(i) the nature and severity of the impairment, (ii) the duration or expected duration of the impairment; and (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011).

As it relates to heat-sensitivity, the Fifth Circuit has examined whether claims that a prisoner's thermoregulation is impaired is sufficient to support an claim that a prisoner was disabled under the ADA. *See Ball v. LeBlanc*, 792 F.3d 584, 597. The *Ball* panel found that a claim that the prisoner might suffer some potential future risk of heatstroke, without first a showing that they had a present inability to regulate body temperature, was insufficient to support a finding that the prisoner's major life function was actually impaired. *Id.* at 597-598.

So too are Miller's allegations. Miller does not allege that he presently suffers from an impairment to a major life function, rather he simply claims that others with various medical conditions, including himself, are heat sensitive and face an increased risk of injury. Even if these allegations are true, it is insufficient to show that Miller is disabled under the ADA.

4

Even if Miller had stated facts showing he has a disability under the ADA, Miller has not alleged any facts showing that he has been discriminated against by reason of his disability. In the correctional context, the Fifth Circuit has been reluctant to extend ADA and RA liability to claims where offenders claim poor treatment or inadequate facilities but fail to show discrimination by reason of the offender's disability. The ADA is not violated by "a prison's simply failing to attend to the medical needs of its disabled prisoners." *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012). In *Nottingham*, a TDCJ inmate had a weakened right side that limited his ability to walk. *Id.* He claimed that while being transported in a TDCJ van that was not handicapped-accessible, he fell off the bench where he was seated. *Id.* He claimed that he was unable to get up and was left on the floor for the fourteen-hour drive. *Id.* The Court rejected an ADA claim based on those facts, explaining:

> [t]hat claim . . . does not establish discrimination based on disability: The ADA is not violated by "a prison's simply failing to attend to the medical needs of its disabled prisoners." (internal citations omitted). There is no evidence that the allegedly improper action of leaving Nottingham on the floor of the transit van had any connection to his alleged disability. There is no indication that he was treated differently because of his disability. He thus has not established a claim under the ADA.

*Id.* at 377 (emphasis added); *see also, Tuft v. Texas*, 410 F. App'x 770, 775 (5th Cir. 2011) (disabled offender plaintiff failed to show discrimination "by reason of" his disability because all offenders were subjected to the same condition of overcrowding in the showers).

In this case, Miller's claims are not based on alleged differential treatment or access. Indeed, the very nature of his claim is that he is *not* treated differently from other offenders by being housed in the same conditions. As held by the Fifth Circuit in *Tuft*, where disabled and non-disabled offenders are subjected to the same conditions, an ADA or RA claim fails. *Id.*

Because Miller has failed to allege facts that would state a claim under the ADA or RA, his claims against TDCJ should be dismissed for failing to state a claim upon which relief can be granted.

### C. Miller is not entitled to the relief he seeks.

Even if Miller's complaint contained sufficient factual allegations to allege a cause of action under the ADA or RA, Miller claims should still be dismissed because he is not entitled to punitive or compensatory damages or injunctive relief.

#### 1. Punitive Damages are not an available remedy under ADA or RA.

A plaintiff asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination. *Delano-Pyle,* 302 F.3d at 574; *Carter v. Orleans Parish Pub. Sch.*, 725 F.2d 261, 264 (5th Cir.1984); *see also Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding punitive damages are not available in an ADA or RA suit).

Because there is no statutory authority or legal theory to allow an award of punitive damages on an ADA or RA claim, to the extent that Miller seeks punitive damages from TDCJ, those claims must be dismissed.

#### 2. Miller has not plead facts that would entitle him to compensatory damages.

Even if Miller just seeks only compensatory damages from TDCJ, he must first allege that TDCJ intentionally discriminated against him. *Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002) (holding that a "plaintiff asserting a private cause of action for violations under the ADA . . . may only recover compensatory damages upon a showing of intentional discrimination.").

A showing of intentional discrimination requires more than "the lesser proof of deliberate indifference." *Taylor v. Richmond State Supported Living Ctr.*, 2012 WL 6020372, n.2 (S.D. Tex. 2012); *see also Zaragoza v. Dallas County*, 2009 WL 2030436, at * 13 (N.D. Tex., July 13, 2009) ("[intentional discrimination] is a higher standard than deliberate indifference, which is not "applicable to public entities for purposes of the ADA"). *Back v. Texas Dep't of Criminal Justice Institutional Div.*, No. 15-50982, 2017 WL 1207582, at *2 (5th Cir. Mar. 31, 2017) (where evidence showed TDCJ's denial of

6

services was merely negligent, plaintiff's claim of "intentional discrimination that was based on his physical disability" failed).

Miller states no factual allegations to show that he was intentionally discriminated against based on any disability. Miller makes merely conclusory statements that TDCJ officers intentionally discriminated heat-sensitive prisoners by failing to protect them from extreme temperatures. ECF No. 1 at 18, paragraph 130. Miller's claim of intentional discrimination should be dismissed where he has failed to show specific, well-pleaded facts, not mere conclusory allegations. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989)).

### 3. Miller's is not entitled to the injunctive relief he seeks.

Injunctive relief is "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixion*, 50 U.S. 10, 13 (1850)). When a government agency is involved, a court must additionally observe the requirement that the government be granted the "widest latitude in the dispatch of its own internal affairs." *Id.* at 378-79 (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("[I]t is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.").

An inmate's requests for injunctive relief must also be viewed in conjunction with the requirements of the Prison Litigation Reform Act ("PLRA"). Under PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" before granting injunctive relief. 18 U.S.C. § 3626(a). Although PLRA significantly affects the type of prospective injunctive relief that may be awarded, it has not substantially changed the threshold findings and standards required to justify an injunction. Plaintiff must still prove: (1) that he has have suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that

injury; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) granting of an injunction will not disserve the public interest. *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

Miller fails to allege any facts to meet any of the elements for injunctive relief. First, Miller has not alleged that he has suffered an irreparable injury by showing that that there has been a violation of the ADA or RA. He has not shown that other remedies available at law are inadequate. And he has not shown that any threatened injury outweighs the injury that TDCJ would suffer if Miller's relief is granted.

Even if Miller had stated facts to meet the elements of a claim for injunctive relief, his requested injunction is overbroad in light of the PLRA and must fail for that reason. Basic principles of equity provide that "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief *to the plaintiffs.*" *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (emphasis added). The PLRA itself explicitly canonizes those bedrock principles, commanding that injunctive relief "with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and that relief must be "narrowly drawn." 18 U.S.C. § 3626(a)(1)(A).

Miller's requested relief can only be read to require TDCJ to install air conditioning at the McConnell Unit. Miller expressly asks this Court to require Defendants to maintain "a heat index of 88 degrees or lower inside the McConnell Unit housing area and Offender Chow halls." ECF No. 1 at 20. A more appropriately tailored remedy would accommodate Miller's needed accommodations under the ADA or RA, rather than the entire McConnell Unit. As such, Miller has failed to state a claim for injunctive relief.

### III. Conclusion

TDCJ requests that the Court dismiss Miller's claims for failing to state a claim upon which

relief can be granted. Should the Court decline to grant this motion, TDCJ respectfully reserves the right to deny allegations against it and reassert its defenses in an answer or motion for summary judgement.

            Respectfully Submitted,

            **KEN PAXTON**
            Attorney General of Texas

            **BRENT WEBSTER**
            First Assistant Attorney General

            **GRANT DORFMAN**
            Deputy First Assistant Attorney General

            **SHAWN E. COWLES**
            Deputy Attorney General for Civil Litigation

            **SHANNA E. MOLINARE**
            Division Chief, Law Enforcement Defense Division

            */s/ Jeanine M. Coggeshall*
            **JEANINE M. COGGESHALL**
            Assistant Attorney General
            Law Enforcement Defense Division
            Southern District No. 2563655
            Texas State Bar No. 24083162

            Office of the Attorney General
            P.O. Box 12548, Capitol Station
            Austin, Texas 78711-2548
            (512) 463-2080 / Fax (512) 370-9811
            jeanine.coggeshall@oag.texas.gov

            **ATTORNEYS FOR TDCJ**

## NOTICE OF ELECTRONIC FILING

I, JEANINE M. COGGESHALL, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the above and foregoing in compliance with the Southern District's Electronic Case File System on **August 16, 2021**.

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, JEANINE M. COGGESHALL, Assistant Attorney General of Texas, certify that on a true and correct copy of the above and foregoing, was served on **August 16, 2021,** by placing the same in the United States Mail, first class, postage prepaid, addressed to:

James G. Miller      *Via CM/RRR No. 7018 0680 0001 3687 2043*
TDCJ #01241517
3001 South Emily Drive
Beeville, TX 78102
**Plaintiff** *Pro se*

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General