United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES G. MILLER, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:19-CV-00398 |
| | § |
| BRYAN COLLIER, *et al.*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff James G. Miller, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act (RA), 29 U.S.C. § 794. Pending before the Court is Plaintiff's Motion for Reconsideration. (D.E. 29). For the reasons set forth below, it is respectfully recommended that this motion be **DENIED**.

### I. BACKGROUND

The relevant procedural background has been set forth in the Court's Order issued on August 10, 2021, and is incorporated by reference herein. (D.E. 26, pp. 2-4). In that order, the Court liberally construed Plaintiff's complaint as seeking relief against Defendants Bryan Collier (Collier) and Jeffrey Richardson (Richardson) in both their

individual and official capacities.  (D.E. 26, pp. 3-4).  The Court also substituted Warden Evelyn Castro (Castro) in place of Richardson in his official capacity only.  (D.E. 26, p. 3).

The Court proceeded to grant a summary judgment motion filed by Collier and Castro (Castro) (collectively "Defendants"), concluding that: (1) Plaintiff's claims seeking monetary damages against Defendants in their official capacities were barred by the Eleventh Amendment; (2) Plaintiff failed to exhaust his administrative remedies as to his deliberate indifference claim regarding exposure to contaminated drinking water; and (3) Plaintiff's deliberate indifference claims against Defendants regarding excessive heat were subject to dismissal because he presented no evidence to create a genuine issue of material fact as to such claims.  (D.E. 26, pp. 16-26).  The Court further referred the case to the undersigned to set a deadline for Richardson to file a dispositive motion regarding Plaintiff's claims against him in Richardson's individual capacity.  (D.E. 26, p. 27).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff asks the Court to reconsider the August 10, 2021 Order granting Defendants' summary judgment motion. (D.E. 29). Rules 59(e) provides a movant with a procedural mechanism to seek reconsideration from final judgments and orders.  In this case, however, no final judgment has been entered with respect to this case as a whole or any individual party.  Rather, on August 10, 2021, the Court granted summary judgment with respect to claims raised by Plaintiff against some but not all of the defendants sued in this action.  (D.E. 26).

Because the December 20, 2019 Order granted only dismissal as to some claims and was interlocutory, the Court must consider Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 54(b). *See Davis v. Hinds County, Mississippi*, No. 3:16-CV-674, 2018 WL 3977972, at *1 (S.D. Miss. Aug. 20, 2018) (citing *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017)). Rule 54(b) provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "'Interlocutory orders,' such as grants of partial [dismissal] ... 'are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). This Court, therefore, retains discretion at any time to grant relief under Rule 54(b). *See id.*

Plaintiff has advanced no reason to warrant reconsideration of the Court's August 10, 2021 Order. Plaintiff first appears to argue that he never intended to raise a deliberate indifference claim regarding exposure to contaminated drinking water. (D.E 29, p. 2). In his original complaint, however, Plaintiff specifically complained about Defendants providing him and other inmates with contaminated drinking water resulting in numerous prisoners contracting H-Pylori. (D.E. 1, p. 1). Plaintiff otherwise presents nothing to show that he exhausted his administrative remedies as to this deliberate indifference claim.

Plaintiff next contends that the Court erred by not finding he had sued Defendants in both their individual and official capacities. (D.E. 29, p. 2). As discussed in the August

10, 2021, however, the Court specifically construed Plaintiff's complaint as suing Collier and Richardson in their individual and official capacities. (D.E. 26, pp. 23-24). Plaintiff's contention, therefore, is without merit.

Third, Plaintiff contends that the Court erred in dismissing his deliberate indifference claim regarding excessive heat against Collier and Castro in their individual and official capacities. (D.E. 29, pp. 2-5). Plaintiff presents nothing to establish the existence of any genuine issues of fact exist as to whether Defendants acted with the requisite deliberate indifference to any risk of serious harm to Plaintiff. Accordingly, Plaintiff fails to show that he is entitled to Rule 54(b) relief as to this contention.

Lastly, Plaintiff appears to contend that the Court erred in limiting his prayer for relief against Defendants in their official capacities to only declaratory and injunctive relief. (D.E. 29, p. 6). The Court, however, specifically recognized that Plaintiff sought declaratory, injunctive, and monetary relief against Defendants in their official capacities with regard to his deliberate indifference claims. (D.E. 26, p. 3). As Plaintiff's deliberate indifference claims against Defendants failed on their merits, Plaintiff cannot show that he was entitled to any type of relief for these claims.

## III.   CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Reconsideration of the August 10, 2021 Order, construed as a Rule 54(b) motion (D.E. 29), be **DENIED**.


Respectfully submitted on January 6, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).